UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
JYRAH RAIN,

                                Plaintiff,

      - against -

THE CITY OF NEW YORK,

                               Defendant.
-------------------------------------------------------x

**MEMORANDUM & ORDER**
22-CV-3511 (PKC)(LB)

PAMELA K. CHEN, United States District Judge:

      Plaintiff Jyrah Rain filed this *pro se* civil rights action in the United States District Court for the Southern District of New York on April 25, 2022. That Court transferred the case to this Court on June 15, 2022. Plaintiff's request to proceed *in forma pauperis* is granted pursuant to 28 U.S.C. § 1915. For the reasons set forth below, the Court dismisses the Complaint, with leave to amend within thirty (30) days.

## BACKGROUND

      Plaintiff names the City of New York as the only defendant. Plaintiff used a form complaint for civil actions, in which she, *inter alia*, checks the box for "Federal Question" jurisdiction and writes "Freedom from Torture." (Complaint ("Compl."), Dkt. 2, at ECF[1] 2.) Plaintiff states that on February 9, 2016, she asked the New York City Department of Homeless Services ("DHS") to transfer her "out of the vicinity she was raped and DHS transferred [her]." (*Id.* at ECF 5.) On September 21, 2020, "Judge Atherton" from an unspecified jurisdiction or

---

[1] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

1

agency declared that Plaintiff "has emergency medical needs." (*Id.*)[2] On January 26, 2021, Plaintiff stated on a "Transfer Form 'I am stressed b/c I am in the dark about where I am being transferred' and the next day (01/27/2021), DHS transferred [her] into the vicinity she was raped." (*Id.*) Plaintiff claims that "DHS forced [her] to feel the realms of mental torture on 01/27/2022."[3] (*Id.*) She further states: "DHS tortured [her]" and she identifies four healthcare providers or systems who provided treatment to her. (*Id.* at ECF 6.) The only relief Plaintiff seeks is to "Dismantle DHS and Rebuild." (*Id.*)

## LEGAL STANDARDS

Under 28 U.S.C. § 1915(e)(2)(B), a district court must dismiss an IFP action if the complaint "is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). To avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In addressing the sufficiency of a complaint, a court "accept[s] as true all factual allegations and draw[s] from them all reasonable inferences; but [it is] not required to credit conclusory allegations or legal conclusions couched as factual allegations." *Hamilton v. Westchester County*, 3 F.4th 86, 90–91 (2d Cir. 2021) (citation omitted). Courts "liberally construe pleadings and briefs submitted by *pro se* litigants, reading

---

[2] Plaintiff states that a different judge from an unidentified jurisdiction or agency similarly "declared" that Plaintiff "has emergency medical needs" on June 4, 2021. (*Id.* at ECF 5.)

[3] Plaintiff's Complaint lists the "Date(s) of occurrence" of the alleged misconduct by Defendant as "01/27/2022" and states that "DHS forced [her] to feel the realms of mental torture on 01/27/2022." (*Id.* at ECF 5.) However, she claims that she was "in the dark about where" she would be transferred on January 26, 2021, and was ultimately transferred to a facility on January 27, 2021. (*Id.*) The Court interprets these events as all occurring in the same year, either 2021 or 2022, but urges Plaintiff in her amended complaint to clarify which year these events occurred.

2

such submissions to raise the strongest arguments they suggest." *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017).

In addition, a plaintiff seeking to bring a lawsuit in federal court must establish that the Court has subject matter jurisdiction over the action. The Federal Rules of Civil Procedure require the Court to "dismiss the action" if it "determines at any time that it lacks subject-matter jurisdiction." Fed. R. Civ. P. 12(h)(3); *see also Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700–01 (2d Cir. 2000) ("[F]ailure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*. If subject matter jurisdiction is lacking, the action must be dismissed."). Federal subject matter jurisdiction is available only when a "federal question" is presented, or when the plaintiff and the defendant have complete diversity of citizenship and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331, 1332.

## DISCUSSION

In her Complaint, Plaintiff does directly not identify any federal statute or constitutional provision that would apply to her claims, and the facts she alleges do not suggest any obvious claim for relief. The main point of Plaintiff's Complaint appears to be that a New York City agency, DHS, provided housing to her but the housing was in a location that caused her to "feel the realms of mental torture" because of her past experience.[4] Plaintiff also lists "Freedom from Torture" as the federal constitutional right that she alleges Defendant violated. (Compl., Dkt. 2, at ECF 2.) This Court construes Plaintiff as alleging a violation of the Eighth Amendment's prohibition against "cruel and unusual punishments." However, it is well established under Second

---

[4] Based on the wording of the Complaint, as set forth above, the Court does not interpret Plaintiff's claim to be that she was raped *after* being transferred by DHS on January 27, 2021, but that, on that date, DHS transferred Plaintiff "into the vicinity [where] she [previously] was raped," thereby causing her "mental torture." (Compl., Dkt. 2, at ECF 5.)

3

Circuit and Supreme Court precedent that "the cruel and unusual punishment clause of the Eighth Amendment . . . is not applicable" to civil proceedings. *Marin-Marin v. Sessions*, 852 F.3d 192, 194 (2d Cir. 2017) (per curiam); *see also Harisiades v. Shaughnessy*, 342 U.S. 580, 594 (1952).

Plaintiff's complaint also refers to declarations from two judges that Plaintiff "has emergency medical needs." (Compl., Dkt. 2, at ECF 5.) In light of the duty to liberally construe *pro se* complaints, the Court interprets these statements as part of an allegation that DHS transferred Plaintiff in violation of her constitutional rights to due process. If DHS did not follow the proper procedures, Plaintiff might have a claim for a due process violation under 42 U.S.C. § 1983, which allows plaintiffs to bring claims for civil rights violations in federal court. To the extent that Plaintiff is seeking to bring a Section 1983 claim against the City of New York — commonly known as a *Monnell* claim — she will have to allege additional facts showing that DHS's official policies or customs caused her to be denied a constitutional or federal right. *See Lucente v. Cnty. of Suffolk*, 980 F.3d 284, 297 (2d Cir. 2020) (explaining that to hold a city liable under Section 1983, "a plaintiff is required to plead and prove three elements: (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional" or other federal right) (quoting *Wray v. City of New York*, 490 F.3d 189, 195 (2d Cir. 2007)); *see also Monnell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–91 (1978).[5]

As currently written, Plaintiff's Complaint fails to allege any facts that suggest that a policy, custom, or practice of the City of New York caused a violation of Plaintiff's federal or constitutional rights. Accordingly, to the extent Plaintiff is alleging any Section 1983 claims, those

---

[5] Although Plaintiff's Complaint requests that the Court "Dismantle DHS and Rebuild" the agency, the allowable remedies under a *Monnell* claim are either monetary damages, or "declaratory or injunctive relief" against the policy or custom in question. *See Monnell*, 436 U.S. at 690.

claims are dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Court grants Plaintiff thirty (30) days leave to file an amended complaint.

## CONCLUSION

Plaintiff's request to proceed *in forma pauperis* is granted pursuant to 28 U.S.C. § 1915. For the reasons stated above, the Court grants Plaintiff thirty (30) days from the date of this Order to file an amended complaint, as discussed above. The amended complaint must be captioned "Amended Complaint" and bear the same docket number as this Order. Any amended complaint will be reviewed for sufficiency. All further proceedings shall be stayed for thirty days to allow Plaintiff time to comply with this Order. If Plaintiff fails to file an amended complaint within that period, the action will be dismissed.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: July 21, 2022
      Brooklyn, New York